**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| NXP B.V. and<br>NXP SEMICONDUCTORS USA, INC.<br><br>      Plaintiffs,<br><br>      v.<br><br>DELL INC.,<br><br>      Defendant. | C.A. No. _____<br><br><br>**JURY TRIAL DEMANDED** |

**COMPLAINT FOR PATENT INFRINGEMENT**

Plaintiffs NXP B.V. and NXP Semiconductors USA, Inc. (collectively, "NXP" or "Plaintiffs") for their Complaint against defendant Dell Inc. ("Dell" or "Defendant") hereby allege as follows:

**PARTIES**

1.      Plaintiff NXP B.V. is incorporated under the laws of The Netherlands with its principal place of business at High Tech Campus 60, 5656 AG, Eindhoven, The Netherlands.

2.      Plaintiff NXP Semiconductors USA, Inc. is a wholly owned subsidiary of NXP B.V. and is a corporation organized and existing under the laws of the State of Delaware, having its principal place of business at 411 East Plumeria Drive, San Jose, California.

3.      Upon information and belief, defendant Dell Inc. is a company organized and existing under the laws of the State of Delaware, having its principal place of business located at One Dell Way, Round Rock, Texas, 78682.

**NATURE OF THE ACTION**

4.      This is a civil action for the infringement of United States Patent Nos. 6,590,365 ("the '365 Patent") (attached as Exhibit A); 7,412,230 ("the '230 Patent") (attached as Exhibit

B); 8,065,389 ("the '389 Patent") (attached as Exhibit C); 8,204,959 ("the '959 Patent")

(attached as Exhibit D); 8,280,304 ("the '304 Patent") (attached as Exhibit E), and 8,412,185

("the '185 Patent") (attached as Exhibit F (collectively, "the Patents-in-Suit") under the Patent

Laws of the United States 35 U.S.C. § 1 *et seq*.

## JURISDICTION AND VENUE

5.      This Court has jurisdiction over the subject matter of this action pursuant to 28

U.S.C. §§ 1331 and 1338(a) because this action arises under the patent laws of the United States,

including 35 U.S.C. § 271 *et seq*.

6.      Venue is proper in this judicial district pursuant to 28 U.S.C. §§ 1391 and

1400(b).

## THE PATENTS-IN-SUIT

7.      On July 8, 2003, the '365 Patent, titled "Method of Powering-Up Battery Powered

Apparatus," was duly and legally issued by the United States Patent and Trademark Office.

NXP B.V. is the assignee of all rights, title, and interest in the '365 Patent, and it possesses all

rights to sue and recover for any current or past infringement of the '365 Patent. Plaintiff NXP

Semiconductors USA, Inc. is authorized to license the '365 Patent on behalf of NXP B.V. and

has engaged with Dell in discussions concerning the '365 Patent

8.      On August 12, 2008, the '230 Patent, titled "Method of Releasing Communication

Between at Least Two Communication Devices," was duly and legally issued by the United

States Patent and Trademark Office.  NXP B.V. is the assignee of all rights, title, and interest in

the '230 Patent, and it possesses all rights to sue and recover for any current or past infringement

of the '230 Patent.  Plaintiff NXP Semiconductors USA, Inc. is authorized to license the '230

Patent on behalf of NXP B.V. and has engaged with Dell in discussions concerning the '230 Patent.

9.      On November 22, 2011, the '389 Patent, titled "Method of and Device for Transferring Content," was duly and legally issued by the United States Patent and Trademark Office.  NXP B.V. is the assignee of all rights, title, and interest in the '389 Patent, and it possesses all rights to sue and recover for any current or past infringement of the '389 Patent.  Plaintiff NXP Semiconductors USA, Inc. is authorized to license the '389 Patent on behalf of NXP B.V. and has engaged with Dell in discussions concerning the '389 Patent.

10.     On June 19, 2012, the '959 Patent, titled "Method of and Device for Transferring Content," was duly and legally issued by the United States Patent and Trademark Office.  NXP B.V. is the assignee of all rights, title, and interest in the '959 Patent, and it possesses all rights to sue and recover for any current or past infringement of the '959 Patent.  Plaintiff NXP Semiconductors USA, Inc. is authorized to license the '959 Patent on behalf of NXP B.V. and has engaged with Dell in discussions concerning the '959 Patent.

11.     On October 2, 2012, the '304 Patent, titled "Device with an EEPROM Having Both a Near Field Communication Interface and a Second Interface," was duly and legally issued by the United States Patent and Trademark Office.  NXP B.V. is the assignee of all rights, title, and interest in the '304 Patent, and it possesses all rights to sue and recover for any current or past infringement of the '304 Patent.  Plaintiff NXP Semiconductors USA, Inc. is authorized to license the '304 Patent on behalf of NXP B.V. and has engaged with Dell in discussions concerning the '304 Patent.

12.     On April 2, 2013, the '185 Patent, titled "Method and Apparatus for Switching Devices Using Near Field Communication," was duly and legally issued by the United States

Patent and Trademark Office.  NXP B.V. is the assignee of all rights, title, and interest in the

'185 Patent, and it possesses all rights to sue and recover for any current or past infringement of

the '185 Patent.  Plaintiff NXP Semiconductors USA, Inc. is authorized to license the '185

Patent on behalf of NXP B.V. and has engaged with Dell in discussions concerning the '185

Patent.

## COUNT I

## Infringement of U.S. Patent No. 6,590,365

13.     Paragraphs 1-12 are incorporated by reference as if fully restated herein.

14.     Dell has infringed, and continues to infringe, the '365 Patent under 35 U.S.C. §

271, either literally and/or under the doctrine of equivalents by making, using, offering for sale,

selling, and/or importing into the United States battery powered equipment that includes a

process for interrupting the powering-up process should the supply voltage drop below a critical

level ("'365 Infringing Products"). The '365 Infringing Products include, for example,

Defendant's laptop computers (including but not limited to, e.g., Dell's Latitude E5430 laptop

with an Intel processor).

15.     Dell has also indirectly infringed, and continues to indirectly infringe, the '365

Patent. Dell has had knowledge of the '365 Patent and its infringement since at least January 31,

2014 through a letter sent by NXP concerning that infringement.

16.     Dell actively, knowingly, and intentionally induced, and continues to actively,

knowingly, and intentionally induce, infringement of the '365 Patent by making, using, offering

for sale, and selling '365 Infringing Products, as well as by contracting with others to use,

market, sell, and offer to sell '365 Infringing Products, all with knowledge of the '365 Patent and

its claims; with knowledge that its customers will use, market, sell, and offer to sell '365

4

Infringing Products; and with the knowledge and intent to encourage and facilitate infringing sales and uses of '365 Infringing Products through the creation and dissemination of promotional and marketing materials, instructional materials, product manuals, and technical materials related to '365 Infringing Products.

17.     Dell has also contributed to the infringement by others (e.g., Dell's customers and the users of '365 Infringing Products), and continues to contribute to infringement by others, by selling, offering to sell, or importing '365 Infringing Products in the United States, knowing that those products constitute a material part of the inventions of the '365 Patent, knowing those products to be especially made or adapted to infringe the '365 Patent, and knowing that those products are not staple articles or commodities of commerce suitable for substantial noninfringing use.

18.     Dell directly and/or indirectly has infringed, and continues to infringe at least claims 1 and 7 of the '365 Patent.

19.     NXP has been and continues to be damaged by Dell's infringement of the '365 Patent.

20.     Dell has willfully infringed, and continues to willfully infringe, the '365 Patent despite having received notice of its infringement from NXP.

## COUNT II

## Infringement of U.S. Patent No. 7,412,230

21.     Paragraphs 1-20 are incorporated by reference as if fully restated herein.

22.     Dell has infringed, and continues to infringe, the '230 Patent under 35 U.S.C. § 271, either literally and/or under the doctrine of equivalents by making, using, offering for sale, selling, and/or importing into the United States infringing computer systems that include NFC

system-level functionality that enables communication with another communication device through a non-contacting read and check of an authorization code ("'230 Infringing Products"). The '230 Infringing Products include, for example, Defendant's laptop and desktop computers (including but not limited to, e.g., Dell's OptiPlex 9020, OptiPlex 9010, OptiPlex 7010, Latitude E6330, Latitude 14 3000 Series laptop, and Latitude 15 3000 Series laptop).

23.     Dell has also indirectly infringed, and continues to indirectly infringe, the '230 Patent.  Dell has had knowledge of the '230 Patent and its infringement since at least October 27, 2014 through a presentation by and discussions with NXP concerning that infringement.

24.     Dell actively, knowingly, and intentionally induced, and continues to actively, knowingly, and intentionally induce, infringement of the '230 Patent by making, using, offering for sale, and selling '230 Infringing Products, as well as by contracting with others to use, market, sell, and offer to sell '230 Infringing Products, all with knowledge of the '230 Patent and its claims; with knowledge that its customers will use, market, sell, and offer to sell '230 Infringing Products; and with the knowledge and intent to encourage and facilitate infringing sales and uses of '230 Infringing Products through the creation and dissemination of promotional and marketing materials, instructional materials, product manuals, and technical materials related to '230 Infringing Products.

25.     Dell has also contributed to the infringement by others (e.g., Dell's customers and the users of '230 Infringing Products), and continues to contribute to infringement by others, by selling, offering to sell, or importing '230 Infringing Products in the United States, knowing that those products constitute a material part of the inventions of the '230 Patent, knowing those products to be especially made or adapted to infringe the '230 Patent, and knowing that those

products are not staple articles or commodities of commerce suitable for substantial

noninfringing use.

26.    Dell directly and/or indirectly has infringed, and continues to infringe at least

claims 6 and 7 of the '230 Patent.

27.    NXP has been and continues to be damaged by Dell's infringement of the '230

Patent.

28.    Dell has willfully infringed, and continues to willfully infringe, the '230 Patent

despite having received notice of its infringement from NXP.

## COUNT III

### Infringement of U.S. Patent No. 8,065,389

29.    Paragraphs 1-28 are incorporated by reference as if fully restated herein.

30.    Dell has infringed, and continues to infringe, the '389 Patent under 35 U.S.C. §

271, either literally and/or under the doctrine of equivalents by making, using, offering for sale,

selling, and/or importing into the United States infringing computer systems that include NFC

system-level functionality that enables transferring content between at least two devices ("'389

Infringing Products"). The '389 Infringing Products include, for example, Defendant's laptop

computers (including but not limited to, e.g., Dell's XPS 15 Touch laptop, XPS 12 2-in-1 Touch

laptop, and XPS 12 9Q33 Convertible laptop), servers (including but not limited to, e.g., Dell's

PowerEdge Servers with iDRAC QuickSync), printers (including but not limited to, e.g., Dell's

Color Multifunction Printer C2665dnf), and computer accessories (including but not limited to,

e.g., the Dell Bluetooth Portable Speaker AD 211 and Jabra Revo Wireless Headset).

31.    Dell has also indirectly infringed, and continues to indirectly infringe, the '389 Patent.  Dell has had knowledge of the '389 Patent and its infringement since at least October 27, 2014 through a presentation by and discussions with NXP concerning that infringement.

32.    Dell actively, knowingly, and intentionally induced, and continues to actively, knowingly, and intentionally induce, infringement of the '389 Patent by making, using, offering for sale, and selling '389 Infringing Products, as well as by contracting with others to use, market, sell, and offer to sell '389 Infringing Products, all with knowledge of the '389 Patent and its claims; with knowledge that its customers will use, market, sell, and offer to sell '389 Infringing Products; and with the knowledge and intent to encourage and facilitate infringing sales and uses of '389 Infringing Products through the creation and dissemination of promotional and marketing materials, instructional materials, product manuals, and technical materials related to '389 Infringing Products.

33.    Dell has also contributed to the infringement by others (e.g., Dell's customers and the users of '389 Infringing Products), and continues to contribute to infringement by others, by selling, offering to sell, or importing '389 Infringing Products in the United States, knowing that those products constitute a material part of the inventions of the '389 Patent, knowing those products to be especially made or adapted to infringe the '389 Patent, and knowing that those products are not staple articles or commodities of commerce suitable for substantial noninfringing use.

34.    Dell directly and/or indirectly has infringed, and continues to infringe at least claims 1 and 5 of the '389 Patent.

35.    NXP has been and continues to be damaged by Dell's infringement of the '389 Patent.

36.     Dell has willfully infringed, and continues to willfully infringe, the '389 Patent despite having received notice of its infringement from NXP.

## COUNT IV

## Infringement of U.S. Patent No. 8,204,959

37.     Paragraphs 1-36 are incorporated by reference as if fully restated herein.

38.     Dell has infringed, and continues to infringe, the '959 Patent under 35 U.S.C. § 271, either literally and/or under the doctrine of equivalents by making, using, offering for sale, selling, and/or importing into the United States infringing computer systems that include NFC system-level functionality that enables transferring content between at least two devices ("'959 Infringing Products"). The '959 Infringing Products include, for example, Defendant's laptop computers (including but not limited to, e.g., Dell's XPS 15 Touch laptop, XPS 12 2-in-1 Touch laptop, and XPS 12 9Q33 Convertible laptop), servers (including but not limited to, e.g., Dell's PowerEdge Servers with iDRAC QuickSync), printers (including but not limited to, e.g., Dell's Color Multifunction Printer C2665dnf), and computer accessories (including but not limited to, e.g., the Dell Bluetooth Portable Speaker AD 211 and Jabra Revo Wireless Headset).

39.     Dell has also indirectly infringed, and continues to indirectly infringe, the '959 Patent.  Dell has had knowledge of the '959 Patent and its infringement since at least October 27, 2014 through a presentation by and discussions with NXP concerning that infringement.

40.     Dell actively, knowingly, and intentionally induced, and continues to actively, knowingly, and intentionally induce, infringement of the '959 Patent by making, using, offering for sale, and selling '959 Infringing Products, as well as by contracting with others to use, market, sell, and offer to sell '959 Infringing Products, all with knowledge of the '959 Patent and its claims; with knowledge that its customers will use, market, sell, and offer to sell '959

Infringing Products; and with the knowledge and intent to encourage and facilitate infringing sales and uses of '959 Infringing Products through the creation and dissemination of promotional and marketing materials, instructional materials, product manuals, and technical materials related to '959 Infringing Products.

41.     Dell has also contributed to the infringement by others (e.g., Dell's customers and the users of '959 Infringing Products), and continues to contribute to infringement by others, by selling, offering to sell, or importing '959 Infringing Products in the United States, knowing that those products constitute a material part of the inventions of the '959 Patent, knowing those products to be especially made or adapted to infringe the '959 Patent, and knowing that those products are not staple articles or commodities of commerce suitable for substantial noninfringing use.

42.     Dell directly and/or indirectly has infringed, and continues to infringe at least claims 1 and 13 of the '959 Patent.

43.     NXP has been and continues to be damaged by Dell's infringement of the '959 Patent.

44.     Dell has willfully infringed, and continues to willfully infringe, the '959 Patent despite having received notice of its infringement from NXP.

**COUNT V**

**Infringement of U.S. Patent No. 8,280,304**

45.     Paragraphs 1-44 are incorporated by reference as if fully restated herein.

46.     Dell has infringed, and continues to infringe, the '304 Patent under 35 U.S.C. § 271, either literally and/or under the doctrine of equivalents by making, using, offering for sale, selling, and/or importing into the United States infringing computer systems that include

EEPROM having both a near field communication interface and a second interface, such as Bluetooth or wireless ("'304 Infringing Products"). The '304 Infringing Products include, for example, Defendant's laptop computers (including but not limited to, e.g., Dell's XPS 15 Touch laptop, XPS 12 2-in-1 Touch laptop, and XPS 12 9Q33 Convertible laptop).

47.    Dell has also indirectly infringed, and continues to indirectly infringe, the '304 Patent.  Dell has had knowledge of the '304 Patent and its infringement since at least October 27, 2014 through a presentation by and discussions with NXP concerning that infringement.

48.    Dell actively, knowingly, and intentionally induced, and continues to actively, knowingly, and intentionally induce, infringement of the '304 Patent by making, using, offering for sale, and selling '304 Infringing Products, as well as by contracting with others to use, market, sell, and offer to sell '304 Infringing Products, all with knowledge of the '304 Patent and its claims; with knowledge that its customers will use, market, sell, and offer to sell '304 Infringing Products; and with the knowledge and intent to encourage and facilitate infringing sales and uses of '304 Infringing Products through the creation and dissemination of promotional and marketing materials, instructional materials, product manuals, and technical materials related to '304 Infringing Products.

49.    Dell has also contributed to the infringement by others (e.g., Dell's customers and the users of '304 Infringing Products), and continues to contribute to infringement by others, by selling, offering to sell, or importing '304 Infringing Products in the United States, knowing that those products constitute a material part of the inventions of the '304 Patent, knowing those products to be especially made or adapted to infringe the '304 Patent, and knowing that those products are not staple articles or commodities of commerce suitable for substantial noninfringing use.

50.     Dell directly and/or indirectly has infringed, and continues to infringe at least claims 1 and 11 of the '304 Patent.

51.     NXP has been and continues to be damaged by Dell's infringement of the '304 Patent.

52.     Dell has willfully infringed, and continues to willfully infringe, the '304 Patent despite having received notice of its infringement from NXP.

**COUNT VI**

**Infringement of U.S. Patent No. 8,412,185**

53.     Paragraphs 1-52 are incorporated by reference as if fully restated herein.

54.     Dell has infringed, and continues to infringe, the '185 Patent under 35 U.S.C. § 271, either literally and/or under the doctrine of equivalents by making, using, offering for sale, selling, and/or importing into the United States infringing computer systems that include NFC system-level functionality that enables switching devices by transferring an online service ("'185 Infringing Products"). The '185 Infringing Products include, for example, Defendant's laptop computers (including but not limited to, e.g., Dell's XPS 12 9Q33 Convertible laptop).

55.     Dell has also indirectly infringed, and continues to indirectly infringe, the '185 Patent.  Dell has had knowledge of the '185 Patent and its infringement since at least April 3, 2014 through a presentation by and discussions with NXP concerning that infringement.

56.     Dell actively, knowingly, and intentionally induced, and continues to actively, knowingly, and intentionally induce, infringement of the '185 Patent by making, using, offering for sale, and selling '185 Infringing Products, as well as by contracting with others to use, market, sell, and offer to sell '185 Infringing Products, all with knowledge of the '185 Patent and its claims; with knowledge that its customers will use, market, sell, and offer to sell '185

Infringing Products; and with the knowledge and intent to encourage and facilitate infringing sales and uses of '185 Infringing Products through the creation and dissemination of promotional and marketing materials, instructional materials, product manuals, and technical materials related to '185 Infringing Products.

57.     Dell has also contributed to the infringement by others (e.g., Dell's customers and the users of '185 Infringing Products), and continues to contribute to infringement by others, by selling, offering to sell, or importing '185 Infringing Products in the United States, knowing that those products constitute a material part of the inventions of the '185 Patent, knowing those products to be especially made or adapted to infringe the '185 Patent, and knowing that those products are not staple articles or commodities of commerce suitable for substantial noninfringing use.

58.     Dell directly and/or indirectly has infringed, and continues to infringe at least claims 1 and 8 of the '185 Patent.

59.     NXP has been and continues to be damaged by Dell's infringement of the '185 Patent.

60.     Dell has willfully infringed, and continues to willfully infringe, the '185 Patent despite having received notice of its infringement from NXP.

**PRAYER FOR RELIEF**

Wherefore, Plaintiff NXP respectfully requests that this Court enter judgment against defendant Dell as follows:

a)     adjudging that the Defendant has infringed, induced infringement of, and/or contributorily infringed, literally or under the doctrine of equivalents, U.S. Patent No. 6,590,365;

b)     adjudging that the Defendant has infringed, induced infringement of, and/or

contributorily infringed, literally or under the doctrine of equivalents, U.S. Patent No. 7,412,230;

c)      adjudging that the Defendant has infringed, induced infringement of, and/or contributorily infringed, literally or under the doctrine of equivalents, U.S. Patent No. 8,065,389;

d)      adjudging that the Defendant has infringed, induced infringement of, and/or contributorily infringed, literally or under the doctrine of equivalents, U.S. Patent No. 8,204,959;

e)      adjudging that the Defendant has infringed, induced infringement of, and/or contributorily infringed, literally or under the doctrine of equivalents, U.S. Patent No. 8,280,304;

f)      adjudging that the Defendant has infringed, induced infringement of, and/or contributorily infringed, literally or under the doctrine of equivalents, U.S. Patent No. 8,412,185;

g)      adjudging that the Defendant's infringement has been willful;

h)      awarding NXP the damages to which it is entitled under 35 U.S.C. § 284 for Defendant's past infringement and any continuing or future infringement up until the date Defendant is finally and permanently enjoined from further infringement, including both compensatory damages and enhanced/treble damages for willful infringement, and ordering a full accounting of same;

i)      finding that this case is exceptional and awarding NXP its reasonable attorneys' fees under 35 U.S.C. § 285;

j)      awarding NXP pre-judgment and post-judgment interest on its damages; and

k)      awarding NXP such other and further relief in law or equity that the Court deems just and proper.

## DEMAND FOR JURY TRIAL

NXP hereby demands a trial by jury on all claims and issues so triable.

Date: February 10, 2015

          */s/ Kenneth L. Dorsney*
          Kenneth L. Dorsney (#3726)
          MORRIS JAMES LLP
*Of counsel:*           500 Delaware Avenue, Suite 1500
          Wilmington, DE 19801
John M. DiMatteo, Esquire      (302) 888-6800
Marc Montgomery, Esquire      kdorsney@morrisjames.com
Karen Sebaski, Esquire
HOLWELL SHUSTER & GOLDBERG, LLP  *Attorneys for Plaintiffs*
125 Broad Street, 39th Floor      *NXP B.V. and NXP Semiconductors USA, Inc.*
New York, NY  10004
(646) 837-5151